THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES MORDICK, Defendant-Appellant.

Second District    No. 80-250

Opinion filed March 23, 1981.

James G. Madden, of Freeport, for appellant.

William E. Sisler, State's Attorney, of Freeport (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

After a jury trial, the defendant, James Mordick, was convicted of conspiracy to commit theft over $150. (Ill. Rev. Stat. 1977, ch. 38, par. 8—2(a).) He received a sentence of probation for one year, and was fined $1,000 and court costs.

One of defendant's contentions on appeal is that the State failed to establish his guilt beyond a reasonable doubt. We agree.

On March 11, 1979, Nicholaos Kolovos discovered that his 1975 Cadillac was missing from its parking place outside his place of employment. At some time between the middle and end of March, William Hill, a friend of the defendant, asked the defendant if he could park a 1975 Cadillac at the defendant's residence. The evidence indicated that the defendant had known Hill for approximately six or seven years. About seven or eight months before the incident in question, the defendant, William Hill, James Jeffrey and Jim Walters purchased a business enterprise, Northern Illinois Auto Parts. The defendant and Jeffrey were to be the silent partners, while Hill and Walters were to manage the enterprise. The defendant and James Jeffrey also owned and managed a salvage, towing and auto parts company, J. & J. Used Auto Parts. Hill was also in the business of buying, reconditioning and selling late model used cars, primarily late model Oldsmobile Toronados and Cadillacs.

The defendant and Jean Jeffrey, a school teacher, resided at 115 Empire Street, Freeport, Illinois. The home was owned by Jean Jeffrey and the defendant paid her rent. While the Jeffrey house shared a common driveway with the neighboring home, owned by George Modica, each house had a separate garage and parking area. The Jeffrey house had a concrete apron in front of the back yard garage. This parking area could accommodate between two and four vehicles.

At trial, the defendant testified that he gave Hill permission to park the 1975 Cadillac on the concrete apron. He further testified that he gave his permission even though Hill gave no reason for the request. Unrebutted evidence indicates that in March of 1979 there had been a considerable amount of snow on the ground and that there was a one-lane roadway leading to the farm on which Hill lived.

Shortly after the defendant gave Hill permission, an unidentified person parked the car at the defendant's home. This person then removed the license plates and left the premises in a second car driven by someone other than defendant. Defendant's neighbor, George Modica, witnessed these actions. Modica testified that he did not see the defendant while the vehicle was being parked on the premises.

Thereafter the Freeport police, apparently noting that the automobile lacked license plates, questioned the defendant's neighbor about the 1975 Cadillac. The neighbor told the officers what he had seen when Hill

had parked the car on the defendant's premises. The next day, the police obtained the vehicle identification number of the Cadillac. Subsequently, they ran a vehicle check and discovered that Nicholaos Kolovos had reported the automobile as stolen. The police then placed the vehicle under surveillance. A police officer testified that during the time the Cadillac was under surveillance, the defendant did not drive, examine or even approach the Cadillac.

The defendant testified that over the past two winters he had stored his boat and trailer on Hill's farm. The boat had been stored near the river on the farm. The defendant testified that in early April, he decided to move the boat and trailer from the farm due to the thawing snow and the rising river. At that time he contacted Hill and asked him to remove the Cadillac so that he would have a place to park the boat and trailer.

On Sunday morning, April 9, 1979, Hill arrived at the defendant's residence. Before entering the defendant's home, Hill put a set of dealer plates on the Cadillac. He remained in the defendant's home for about an hour. Defendant did not recall much about the conversation he had with Hill at that time. He testified that if anything was said about the Cadillac, it was that Hill had come to remove it. About an hour after Hill arrived, Hill and the defendant were observed leaving the defendant's home. A vehicle owned by the defendant was parked behind the Cadillac. The defendant got into his own vehicle and drove away. Hill got into the Cadillac and drove away. Several police officers tailed the Cadillac for several hours. On cross-examination the police officers acknowledged that even though the Cadillac was followed for several hours and even though it stopped at several places they never again saw either the defendant or his vehicle near the Cadillac. The defendant was arrested and charged with theft and conspiracy to commit theft. At a jury trial, the defendant was found guilty of conspiracy to commit theft.

■▮ The requisite elements of conspiracy are (1) an agreement to commit an offense, (2) with an intent that the offense actually be committed, and (3) the commission of an act in furtherance of the agreement by a conspirator. (Ill. Rev. Stat. 1977, ch. 38, par. 8—2; *People v. Collins* (1979), 70 Ill. App. 3d 413, 427.) Thus, the requisite *mens rea* elements are satisfied upon a showing of an agreement to commit the offense with the intent that the offense be committed. Further, the prosecutor must also show the *actus reas* or an act in furtherance of the agreement. *People v. Persinger* (1977), 49 Ill. App. 3d 116, 120-21.

To convict the defendant of conspiracy in this case, the State need prove that the defendant, with the intent that the offense of theft be committed, agreed with William Hill to store the stolen auto on his property and that an act was done in furtherance of that agreement.

■▮ We emphasize that the heart of conspiracy is the agreement, not the

offense that is the object of the agreement. (*People v. Ambrose* (1975), 28 Ill. App. 3d 627, 631.) Because of the clandestine nature of the conspiracy agreement and the foreseeable difficulty of the prosecution's burden of establishing the defendant's conspiratorial intent and agreement by direct proof, the courts have permitted broad inferences to be drawn from the circumstances, acts and conduct of the parties. *People v. Brinn* (1965), 32 Ill. 2d 232, 239, *cert. denied sub nom. Clements v. Illinois* (1965), 382 U.S. 827, 15 L. Ed. 2d 72, 86 S. Ct. 62; accord, *People v. Bailey* (1975), 60 Ill. 2d 37.

■■ In the instant case, because there is no direct evidence of an agreement between Hill and the defendant to commit an offense, our task is to see if there was sufficient circumstantial evidence to inferentially establish the existence of an "agreement" and not merely raise a suspicion as to its existence. (*People v. Persinger* (1977), 49 Ill. App. 3d 116, citing *People v. Link* (1936), 365 Ill. 266, *cert. denied* (1937), 302 U.S. 690, 82 L. Ed. 533, 58 S. Ct. 9.) Moreover, "the circumstantial evidence 'must be such that the conclusion drawn from it excludes every reasonable hypothesis other than guilt.'" *People v. Persinger* (1977), 49 Ill. App. 3d 116, 122, citing *People v. McChristian* (1974), 18 Ill. App. 3d 87, 91, *aff'd* (1975), 60 Ill. 2d 37.

The State contends that the defendant was proven guilty of conspiracy beyond a reasonable doubt. They emphasize that while the automobile was parked on the defendant's premises, it displayed a Chicago vehicle sticker and did not have license plates. The State further emphasizes that Hill and defendant had a close business relationship and that the Cadillac was driven away from defendant's premises while bearing dealer license plates which were registered to the business in which the defendant was a silent partner. It is argued that from these circumstances the jury could have reasonably inferred that the defendant knew that the car was stolen.

■■ Absent a satisfactory explanation, it is permissible to infer knowledge of the stolen condition of a motor vehicle where a pattern of conduct relating to stolen vehicles can be shown. (*United States v. Nasse* (7th Cir. 1970), 432 F.2d 1293, *cert. denied* (1971), 401 U.S. 938, 28 L. Ed. 2d 217, 91 S. Ct. 927.) While the defendant admits that Hill did not give him reason for wanting to park the car on the defendant's premises, there is no evidence that the defendant or Hill had a continuing relationship with stolen vehicles. Therefore, such an inference is not permitted. Furthermore, the defendant stated that because he paid no particular attention to the vehicle, he did not notice that it had a Chicago vehicle sticker, and because he knew that Hill rebuilt and sold late model cars and that Hill had access to dealers' license plates, he did not consider it unusual that the automobile lacked license plates.

■■■ Moreover, mere knowledge, acquiescence, approval or attempt on

the part of one to perpetrate an illegal act does not constitute conspiracy. (*People ex rel. Scott v. Carriage Way West, Inc.* (1980), 88 Ill. App. 3d 297, 308; *People v. Persinger* (1977), 49 Ill. App. 3d 116, 122.) In the case at bar, even if knowledge might readily be demonstrated, it is the finding of the intent to enter an agreement to commit an offense which is required rather than mere knowledge of an offense. (*People v. Persinger.*) Further, "[a] conspiracy cannot be shown by evidence of a mere relationship or transaction between parties." *People v. Gates* (1963), 29 Ill. 2d 586, 591, *cert. denied* (1964), 377 U.S. 934, 12 L. Ed. 2d 298, 84 S. Ct. 1338.

■■ We note that if there had been evidence that the defendant or one of his business adventures had a prior history of dealing with stolen automobiles, or if the Cadillac was shown to have been one of several stolen cars stored on the defendant's premises, the cumulative evidence may have been sufficient to have allowed a jury to draw no other conclusion but that the defendant was guilty of conspiracy. However, the evidence introduced shows only that on this occasion the defendant, who was aware of Hill's business of building and selling late model cars, allowed Hill to park a vehicle without a license plate on his premises. At the time the defendant granted his friend's request, the defendant's boat and trailer were parked on Hill's premises. Moreover, at that time there was also a considerable amount of snow on the ground and Hill's property was located at the end of a one-lane roadway. It is a reasonable hypothesis that the defendant was merely granting a friend a favor in exchange for a favor that friend had granted to him earlier.

Because the evidence from which a jury could have inferred that Hill and the defendant entered into a conspiracy is entirely circumstantial, and because that evidence is insufficient to negate every reasonable hypothesis of innocence, the defendant's conviction must be reversed. See generally *People v. Lewandowski* (1976), 43 Ill. App. 3d 800.

Because we have reached this conclusion, it is unnecessary to discuss the defendant's other contentions.

The judgment of the trial court of the Fifteenth Judicial Circuit, Stephenson County, finding the defendant guilty of the offense of conspiracy, and imposing the resultant sentence, is reversed and vacated.

Reversed and vacated.

UNVERZAGT and REINHARD, JJ., concur.