(Nos. 56451, 56539 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GERARD STRONER, Appellee.

*Opinion filed May 18, 1983.*

Tyrone C. Fahner, Attorney General, of Springfield, and Edward F. Petka, State's Attorney, of Joliet (Michael

B. Weinstein and Michael V. Accettura, Assistant Attorneys General, of Chicago, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Verlin R. F. Meinz and Stephen Omolecki, Assistant Defenders, of the Office of the State Appellate Defender, of Ottawa, and Thomas A. Tonozzi, of Spring Valley, of counsel, for appellee.

JUSTICE WARD delivered the opinion of the court:

On November 5, 1980, Gerard Stroner was indicted for solicitation to commit murder, conspiracy to commit murder and attempted murder. The attempt charge was based on the theory of accountability. Following a jury trial in the circuit court of Will County, he was convicted on all charges and sentenced to three concurrent terms of six years. The appellate court affirmed the conviction for attempted murder, but reversed the other two, vacated the sentence on the attempted-murder conviction and remanded for resentencing on that count. (104 Ill. App. 3d 1.) Both parties filed petitions for leave to appeal under our Rule 315 (73 Ill. 2d R. 315). We allowed both petitions and consolidated the appeals. Subsequently, the defendant advised us that he had abandoned his appeal in which he sought a new trial on the attempt conviction because of a claimed conflict of interest on the part of his attorney. We consider therefore only those issues raised on the People's appeal: whether solicitation is a lesser included offense of conspiracy and whether conspiracy to commit murder is a lesser included offense of attempted murder on the theory of accountability.

The evidence showed that in late February 1980 the defendant, a Crest Hill police officer, asked Dennis McCallister if he could arrange to have someone beaten or killed. On March 7, 1980, Stroner told McCallister that it was William McGrath that he wanted killed. McCallister,

who subsequently became a prosecution witness, told Stroner that he would kill McGrath for $500. The defendant told McCallister that he was in love with McGrath's wife, Susan, and that McGrath frequently beat her. Mrs. McGrath testified that, although she had met Stroner several times, he was no more than a mere acquaintance.

During the next several weeks, the defendant and McCallister met on numerous occasions, according to McCallister. One time they followed McGrath home from work so that McCallister could identify the proposed victim. They eventually agreed on a price of $1,000 for McGrath's murder. Stroner gave McCallister a $200 advance with which he was to purchase a shotgun. Instead, McCallister used the money to buy liquor and drugs.

McCallister testified that on April 21, 1980, Stroner told him that McGrath must be killed that evening. When McCallister told him that he had been unable to obtain a gun, Stroner said that he would meet him "with everything." Stroner took a shotgun from the armory of the Crest Hill police department and gave $800 to the assistant manager of a restaurant with instructions to hold the money until he or somebody sent by him came to claim it.

Stroner had the shotgun and shells for it when he picked up McCallister that evening. His plan to have McGrath killed outside a bowling alley had to be abandoned because a Bolingbrook police car was in the vicinity. They decided that the shooting would take place as McGrath arrived home. Stroner drove McCallister to a location near McGrath's house and agreed to pick him up in the next block after the shooting.

As McGrath arrived at his house, two shots were fired at him by McCallister, but he was not struck. He ran to a neighbor's house and phoned the police. After shooting at McGrath, McCallister ran to the planned

meeting place, where he was met by Romeoville police officers instead of Stroner. The record does not explain the presence of the Romeoville officers. He was arrested and gave a statement implicating Stroner. Stroner was arrested the following morning.

McCallister subsequently pleaded guilty to conspiracy to commit murder under a plea agreement. He testified for the prosecution, which recommended a sentence of five years' imprisonment.

Stroner admitted asking McCallister to kill McGrath. Stroner testified it was not his true intent to have McGrath killed. His real intent was to obtain evidence against McCallister regarding several murders in which Stroner believed McCallister had taken part. Stroner testified that he had met McGrath and was threatened by him because he suspected that Stroner was having an affair with his wife. Stroner had not told anyone at the Crest Hill police department about his dealings with McCallister, as he felt the other officers could not be trusted. He admitted taking the shotgun from the police armory but claimed that the shotgun shells he gave to McCallister had been loaded only with salt. On cross-examination, Stroner acknowledged that when the McGrath murder was being planned McCallister admitted having been involved in a shooting in Rockdale and in a bank robbery in Tennessee. Nevertheless, Stroner continued with his ostensible murder plan and did not take steps to arrest McCallister for those crimes.

The appellate court, in reversing the solicitation and conspiracy convictions, held that solicitation to commit murder is a lesser included offense of conspiracy to commit murder and, further, that conspiracy to murder is a lesser included offense of attempted murder on the theory of accountability.

In considering whether solicitation is a lesser included offense of conspiracy, the appellate panel in this case

stated that there are divided opinions on the question. Prior to the panel's decision here and in the preceding case of *In re S.D.S.* (1982), 103 Ill. App. 3d 1008, which the panel also decided, the appellate court in the first and fifth districts had held that solicitation is not a lesser included offense of conspiracy. *People v. Harvey* (1st Dist. 1981), 95 Ill. App. 3d 992; *People v. Latham* (5th Dist. 1979), 73 Ill. App. 3d 995.

A lesser included offense is one which is established by proof of "less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged ***." (Ill. Rev. Stat. 1979, ch. 38, par. 2—9(a); *People v. Wisslead* (1983), 94 Ill. 2d 190.) The offense charged must include every element of the lesser offense, plus an additional element or elements, so that one cannot commit the offense charged without committing the lesser offense. Solicitation is committed "when, with intent that an offense be committed, [a person] commands, encourages or requests another to commit that offense." (Ill. Rev. Stat. 1979, ch. 38, par.8—1(a).) Section 8—2(a) of the Criminal Code of 1961 defines conspiracy:

> "A person commits conspiracy when, with intent that an offense be committed, he agrees with another to the commission of that offense. No person may be convicted of conspiracy to commit an offense unless an act in furtherance of such agreement is alleged and proved to have been committed by him or by a co-conspirator." (Ill. Rev. Stat. 1979, ch. 38, par. 8—2(a).)

Considering the definitions of the offenses, it can be seen that one can commit the offense of conspiracy without having first committed the offense of solicitation and that solicitation is not a lesser included offense of conspiracy.

Solicitation requires a command, encouragement, or request to another to commit a crime; conspiracy requires an agreement to commit a specific crime and an overt act in furtherance of the agreement. Comparing the elements of

the two offenses makes it obvious that two or more persons can conspire or agree to commit an offense without there first having been a command, encouragement or request to another to commit an offense. If one person tells another that he is going to commit a robbery or other crime, the other person may volunteer to join in its commission without having been commanded, encouraged or requested to do so.

The appellate court panel erred here in holding that "[a] conspiracy or agreement would necessarily include a command, an encouragement or a request. One of these elements would have to precede the agreement." (104 Ill. App. 3d 1, 10.) The contrary appellate court holdings in *People v. Harvey* (1981), 95 Ill. App. 3d 992, and *People v. Latham* (1979), 73 Ill. App. 3d 995, were correct. The crime of conspiracy does not necessarily include a command, encouragement or request by one person to another to commit a crime. Simply, one can agree or conspire with another to commit a crime without one of the persons having been solicited to commit that crime.

We next consider whether the appellate court was correct in holding that conspiracy to commit murder, as charged here, is a lesser included offense of attempted murder on an accountability theory. Section 5—2(c) of the Criminal Code of 1961 provides:

"A person is legally accountable for the conduct of another when:

\* \* \*

(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense. However, a person is not so accountable, unless the statute defining the offense provides otherwise, if:

(1) He is a victim of the offense committed; or

(2) The offense is so defined that his conduct was inevitably incident to its commission; or

(3) Before the commission of the offense, he terminates his effort to promote or facilitate such commission, and does one of the following: wholly deprives his prior efforts of effectiveness in such commission, or gives timely warning to the proper law enforcement authorities, or otherwise makes proper effort to prevent the commission of the offense." (Ill. Rev. Stat. 1979, ch. 38, par. 5—2(c).)

An attempt occurs "when, with intent to commit a specific offense, [a person] does any act which constitutes a substantial step toward the commission of that offense." (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a).) Thus, in order for a person to have committed attempted murder by accountability under section 5—2(c), he must have had the requisite intent to commit murder; he must solicit, aid, abet, agree or attempt to aid another person to murder a third person; and the other person must have committed attempted murder. The intent element involved in conspiracy to commit murder and in attempted murder on an accountability theory is the same. The former offense additionally requires an agreement to commit murder and an overt act in furtherance of the agreement. The latter offense requires that one of the co-felons perform an act which is a substantial step toward the commission of murder and that the defendant have either solicited, aided, abetted, agreed or attempted to aid his co-felon. Although an agreement to commit murder may be an element of attempted murder on an accountability theory, it is not a necessary element, since the offense may be committed in absence of an agreement if the defendant either solicits or aids.

Here, the defendant was charged with attempted murder on an accountability theory in that he "aided the said McCallister in the planning and commission of the said offense." No agreement with McCallister to commit murder was alleged as the ground to convict him for attempted murder. Aiding or abetting the commission of a substantive offense is a crime different from conspiracy to commit the

same substantive offense. (*United States v. Krol* (7th Cir. 1967), 374 F.2d 776, *cert. denied* (1967), 389 U.S. 835, 19 L. Ed. 2d 97, 88 S. Ct. 46; accord *United States v. Lord* (2d Cir. 1977), 565 F.2d 831.) Conspiracy to commit murder is not a lesser included offense of attempted murder on an accountability theory as charged by the indictment here. *Cf. State v. Looney* (1978), 294 N.C. 1, 11, 240 S.E.2d 612, 618 (held that neither conspiracy to commit murder nor being an accessory before the fact is a lesser included offense of the other).

Each of the defendant's convictions had a different factual basis. Although the acts in furtherance of the conspiracy or agreement to commit murder, *i.e.*, Stroner's transportation of McCallister and provision of the shotgun, constituted aid that made the accountability statute operative, the attempted-murder conviction required more, that is, a substantial step toward the commission of murder. The substantial step here was McCallister's act of discharging the shotgun at McGrath, which was separate and distinct from the defendant's acts in aid to McCallister. See *People v. Vettese* (1978), 61 Ill. App. 3d 279.

For the reasons given, that part of the judgment of the appellate court reversing the defendant's convictions for solicitation to commit murder and conspiracy to commit murder is reversed and that part of the judgment affirming the conviction for attempted murder is affirmed. In view of the disposition we make, that part of the appellate court judgment remanding for resentencing on the attempt conviction is also reversed. The judgment of the circuit court of Will County is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*