THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROSEANN McLAUGHLIN, Defendant-Appellant.

Third District   No. 3—83—0399

Opinion filed February 16, 1984.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Roseann McLaughlin appeals from her convictions for attempt (burglary) and conspiracy following a jury trial in Will County. She received a one-year term of imprisonment on the conspiracy conviction and 30 months' probation on the attempt (burglary) conviction. Two issues are raised on appeal: (1) whether the conspiracy conviction should be reversed because the evidence fails to establish beyond a reasonable doubt that she entered into an agreement to commit burglary; and (2) whether the trial court committed reversible error in failing to give both paragraphs of the circumstantial evidence instruction.

The record reveals that Roseann McLaughlin and James Marshall were charged by information with burglary and conspiracy to commit burglary. They were tried together by a jury. The evidence before the jury indicated that on the night of December 8, 1982, at approximately 8 p.m., city and county police officers undertook surveillance

upon a Ryder rental truck. The surveillance was the result of an anonymous telephone tip that had been received. The truck was first observed by officers on Century Lane, in Aurora, from whence it proceeded, via Route 30, to a lot next to Bays Furniture store, some six miles outside Aurora. An individual was seen running from the rental truck toward the back of the furniture store. The truck left within a few minutes although it drove by the store several times before heading toward Aurora. It arrived back in Aurora, at a bowling alley, at about 10 p.m. An officer there observed two persons leave the truck.

Other officers, checking the back area of Bays Furniture, noticed footprints in the light snow leading up to the back of the building, near double doors. There was no evidence of entry or any attempted entry at that time. At the bowling alley, officers observed a white male enter the truck cab, and then later leave it. A short time later, two persons, appearing to be black males, exited the bowling alley and entered the rental truck.

From the bowling alley, the truck proceeded, after several changes of direction, toward and past Bays Furniture store. It drove by the store several times. Finally, the truck was parked south of the parking lot for Bays Furniture, and officers observed an individual exit the truck. Next, two individuals, wearing dark clothing, were seen proceeding north along some railroad tracks just east of where the truck had been parked. One wore a cap and dark brown leather jacket, and both appeared to be males. The two ran behind Bays Furniture and were out of sight for 10 to 15 minutes. They were then observed running from the back of the store towards the truck, which, a short time later, drove away onto Route 30. After making several passes in front of the furniture store, the truck was stopped by a local police officer who had not been participating in the surveillance. The defendant, Roseann McLaughlin, was driving the truck and Marshall was her passenger. Both were arrested and taken into custody. McLaughlin was dressed in a cap and brown leather jacket, while Marshall was dressed in dark clothing. The truck was searched but no tools were found, only two sets of gloves and a flashlight.

An examination of the Bays Furniture store revealed that a window in the back office was broken and one of the double doors was ajar from 10 to 12 inches. Nothing was missing from the store, nor were there other indications of an entry. Also at the scene one officer observed footprints in the snow. Two sets of prints were observed by the first officer on the scene, and they led from the area where the truck was parked to the back of the store and back again to the truck. They were boot-like prints. A photograph of one of the larger

boot prints was admitted to trial, but the expert could not conclusively identify that print as the same as would be made by the boots worn by Marshall. McLaughlin's boots could not have made the print in the photograph, because of the variance in size. The officer did testify that the two sets of boot prints were totally dissimilar to the sneaker-type prints made by the first visitor to the back of the store, at around 8 p.m.

Post-arrest statements made by the codefendants were also put into evidence. McLaughlin stated that she had been at a bowling alley with Marshall and that she had left with him to go to Joliet. While initially denying any stops along the way, she subsequently stated that she and Marshall stopped near some farm buildings for her to go to the bathroom. Marshall, in his statement, indicated that he left the bowling alley with McLaughlin heading for Joliet. He, too, admitted that they had stopped somewhere, but did not say where.

At the instructions conference, the State tendered an instruction on circumstantial evidence which omitted the second paragraph of the IPI Instruction for circumstantial evidence. (See Illinois Pattern Jury Instructions (IPI), Criminal, No. 3.02 (2d ed. 1981).) The defense objected, requesting that the second paragraph be given, since the State's case was entirely circumstantial. The second paragraph of the instruction states: "You should not find the defendant guilty unless the facts or circumstances proved exclude every reasonable theory of innocence." The court gave the instruction without the second paragraph. The jury was also instructed upon accountability, as well as attempt, burglary, and conspiracy. The jury found both McLaughlin and Marshall not guilty of burglary, but guilty of attempt (burglary) and conspiracy.

■■■ The first issue on appeal is whether the conspiracy conviction should be reversed because the evidence is insufficient to establish beyond a reasonable doubt that the defendant entered into an agreement to commit burglary. It is clear that to sustain a conspiracy conviction, the State must prove, beyond a reasonable doubt, that the defendant entered into an agreement to commit an offense with the intent that the offense actually be committed and that the defendant or co-conspirator performed an act in furtherance of the agreement. (*People v. Bailey* (1975), 60 Ill. 2d 37, 44-45, 322 N.E.2d 804. See Ill. Rev. Stat. 1981, ch. 38, par. 8—2(a).) The State emphasizes the recognized difficulty of proving conspiracy by direct evidence and the established rule that permits broad inferences to be drawn of conspiratorial intent and agreement from evidence of acts, conduct, and circumstances. (*People v. Persinger* (1977), 49 Ill. App. 3d 116, 121,

363 N.E.2d 897, *cert. denied* (1978), 435 U.S. 917, 55 L. Ed. 2d 509. 98 S. Ct. 1474.) The defense focuses upon limiting rules in the area, one which requires that the circumstantial evidence of a conspiracy must be such "that the conclusion drawn from it excludes every reasonable hypothesis other than guilt" (49 Ill. App. 3d 116, 122), and another stating that "mere knowledge, acquiescence, approval, or attempt on the part of one to perpetrate an illegal act does not constitute conspiracy." (49 Ill. App. 3d 116, 122; *People v. Mordick* (1981), 94 Ill. App. 3d 497, 500-01, 418 N.E.2d 1057.) The Illinois Supreme Court has also noted that aiding and abetting the commission of an offense, under accountability principles (Ill. Rev. Stat. 1981, ch. 38, par. 5—2(c)), is a distinct crime from conspiracy to commit the offense. (*People v. Stroner* (1983), 96 Ill. 2d 204, 211, 449 N.E.2d 1326, citing to *United States v. Krol* (7th Cir. 1967), 374 F.2d 776, *cert. denied* (1967), 389 U.S. 835, 19 L. Ed. 2d 97, 88 S. Ct. 46.) The court also noted that an attempt, under an accountability theory, does not necessarily require an agreement. (*People v. Stroner* (1983), 96 Ill. 2d 204, 211.) In the instant case, there is no direct evidence of agreement. As to the circumstantial evidence of agreement, from the joint activities of the codefendants on the night of the attempt, another reasonable hypothesis respecting that evidence is that the defendant aided and abetted in the commission of the crime, without any prior agreement. That the codefendants were at the bowling alley together, drove together in the truck and then proceeded to the furniture store where an attempt burglary was committed does not establish, beyond a reasonable doubt, that there was an agreement between them to commit the burglary. Other reasonable hypotheses, apart from a prior agreement, are permissible on the circumstantial evidence before the jury. Given this, the conviction for conspiracy must be reversed.

█ The second issue on appeal is whether the court committed reversible error in refusing to give both paragraphs of the circumstantial evidence instruction. (IPI Criminal No. 3.02 (2d ed. 1981).) The instruction, in its entirety, states:

> "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.
>
> You should not find the defendant guilty unless the facts or circumstances proved exclude every reasonable theory of innocence."

The State submitted an instruction containing only the first paragraph, while the defense moved for both paragraphs of the instruction. The court gave only the first paragraph. The committee notes indicate that the second paragraph was intended to be included in those cases where the State's case is entirely circumstantial. The committee's conclusion has been adopted by the Illinois Supreme Court. (*People v. Evans* (1981), 87 Ill. 2d 77, 83, 429 N.E.2d 520.) In the case at bar, the State argues that its case contained both direct and circumstantial evidence, while the defense contends that the evidence of guilt was entirely circumstantial. Initially, it must be noted that the focus of the instruction and the discussion in *People v. Evans* is upon evidence of the elements of the offense, "proof of facts or circumstances which gives rise to a reasonable inference of other facts which tend to establish the guilt or innocence of a defendant." (See also *People v. Minish* (1974), 19 Ill. App. 3d 603, 608-16, 312 N.E.2d 49 (Stouder, J., dissenting).) In this case, the elements of the offense of attempt burglary required a showing that the defendant or a codefendant for whom she was accountable, with the intent to commit burglary, did an act constituting a substantial step toward the commission of burglary. The substantial step toward the burglary is the breaking of the office window and the prying of the rear double doors, and as to these there is no direct evidence of the defendant or a codefendant committing those acts. There is strong, albeit conclusive circumstantial evidence, arising from the officers' observations of the pair's activities and from the footprints in the snow, but no direct evidence of their guilt of attempt (burglary). We reject the State's assertion that exculpatory statements of a defendant are necessarily direct evidence sufficient to obviate the need for the court to give the second paragraph of the circumstantial evidence instruction. The exculpatory statements of the defendant did not establish an element of the offense. (*People v. Garcia* (1981), 95 Ill. App. 3d 792, 420 N.E.2d 482.) The court erred in not submitting to the jury the second paragraph of the circumstantial evidence instruction. However, we conclude that this error was not reversible error.

It has been held that where no reasonable explanation of the defendant's behavior exists on the circumstantial evidence in the record, then the failure of the trial court to give the second paragraph of the instruction is harmless error. *People v. Edmondson* (1982), 106 Ill. App. 3d 716, 721-22, 435 N.E.2d 870; *People v. Cross* (1981), 100 Ill. App. 3d 83, 426 N.E.2d 623.

Here, the totality of the circumstantial evidence admits of no other reasonable explanation other than that the defendant was guilty

of attempt (burglary). The failure to give the second paragraph of the circumstantial evidence instruction was, therefore, harmless error.

For the reasons stated, the defendant's conviction for conspiracy is reversed, but the conviction for attempt (burglary) is affirmed.

Reversed in part and affirmed in part.

STOUDER and SCOTT, JJ., concur.