THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NORMAN PEDERSEN, Defendant-Appellant.

Second District   No. 2—88—0379

Opinion filed March 7, 1990.

McLAREN, J., concurring.
REINHARD, J., dissenting.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Following a jury trial, the defendant, Norman Pedersen, was found guilty of the offense of aggravated battery and was sentenced to a term of 30 months' probation, a condition of which defendant was to serve 180 days in the Lake County jail. Defendant appeals, raising the following issues: whether the trial court erred by failing to instruct the jury on the offense of resisting arrest; and whether the trial court erred in failing to instruct the jury on self-defense.

On December 26, 1987, Officer Kevin Tracz, of the Village of Bannockburn police department, made a traffic stop of a Subaru for speeding. The driver of the Subaru was Linda Murry, and the passenger in the Subaru was defendant. When Ms. Murry was asked to produce her driver's license, she explained that she was driving on a ticket. After she produced the ticket, at Officer Tracz's request, she exited the Subaru, and Tracz and she went to the rear of the Subaru, where Tracz attempted to explain the process of posting bond. The defendant also exited the Subaru and joined Ms. Murry and Officer Tracz at the rear of the Subaru. At this point, they were joined by Officer Bruce Dayno of the Highland Park police department.

Officer Tracz testified that while he was trying to talk to Ms. Murry, the defendant began to yell at him and call him names. Since Tracz was still attempting to issue the traffic ticket to Ms. Murry, he let Officer Dayno talk to the defendant. When defendant continued to interrupt Tracz, Officer Dayno warned the defendant not to interfere, at which point defendant stopped. Since in Tracz's opinion, an I-Bond (personal recognizance bond) was going to be necessary, he attempted to explain to Ms. Murry that she could follow him back to the station, and he would issue her an I-bond. Defendant again began yelling and began to approach Tracz, when Officer Dayno informed defendant that he was under arrest.

As Officer Dayno started to turn the defendant around, defendant swung back around and pushed the officer away from him. Both Dayno and the defendant landed on the ground. The defendant was on his stomach with his hands under his chest. Both officers tried to get defendant's hands from underneath him to handcuff him. Defendant began to kick so Officer Tracz held defendant's legs down while Officer Dayno sat on his upper body. Tracz was then able to radio for assistance.

According to Officer Cameron, of the Highland Park police department, when he arrived on the scene in response to Tracz's call for assistance, he observed Dayno sitting on top of the defendant, holding his hands to the ground. Cameron proceeded to place one

handcuff on defendant's right hand while helping Dayno roll him over and handcuff his left hand. Both Cameron and Dayno grabbed the defendant underneath his arms and dragged him to the squad car. As Officer Dayno pushed defendant into the backseat, defendant was kicking Dayno. After the door to the squad car was closed, defendant continued kicking the door. Officer Cameron noticed a small cut on Officer Dayno's finger which Dayno stated had occurred when the defendant bit him. Cameron did not see the defendant bite Dayno, nor did he note the injury in his report.

Officer Schwarz, also of the Highland Park police department, responded to Tracz's call for backup. When he arrived, he observed the defendant kicking and the other officers trying to put defendant in the squad car. The defendant called Officer Dayno obscene names and told him that "if he had the handcuffs off he would take him one on the outside."

Officer Dayno testified that after he informed defendant that he was under arrest, he told the defendant to turn around and place his hands on the vehicle he had just exited. The defendant began to argue with him and question him as to why he was being arrested. Dayno started to turn the defendant around so that he could search him when defendant spun around and punched him with both hands in the chest. Dayno grabbed defendant's arm, and they both fell to the ground. Lying on his stomach, defendant locked his hands together and refused to be handcuffed. Both Dayno and Tracz attempted to pull his arm from beneath him so that he could be handcuffed. Since defendant refused to unlock his hands, Tracz went over and sat on his legs. As Dayno continued to try to pull defendant's hand out, Dayno's hand was underneath defendant's chin, and as he tried to pull it away, defendant put his teeth on Dayno's left index finger and bit Dayno, causing the finger to bleed. According to Dayno, during the struggle, Ms. Murry kept yelling to the defendant to stop struggling.

As Dayno and Officer Cameron brought the defendant over to the squad car, he continued to struggle. Since defendant was kicking and struggling, he had to be pushed into the squad car. As Dayno opened up the door to the squad car, the defendant turned and kneed Dayno in the groin. Defendant continued to kick while being placed in the squad car. He was then transported to the Highland Park police department by Officers Dayno and Schwarz. Officer Dayno stated that he had the bite on his finger treated at Highland Park Hospital.

Linda Pedersen (formerly Linda Murry), the wife of the defend-

ant, testified that, while she was speaking to Officer Tracz, Officer Dayno arrived and told defendant to step out of the vehicle, whereupon all four of them were standing at the rear of the vehicle. Defendant proceeded to join the discussion concerning the ticket. According to the witness, defendant's manner was calm. Officer Dayno told the defendant to stay out of the conversation, to which defendant responded that he was only trying to find out what could be done about the ticket. Defendant then placed his arm on Dayno and told him that everything was okay and that he would stay out of it. Dayno responded, "Don't touch me. Get your hands off me," at which point defendant removed his arm.

The defendant continued to talk to Officer Tracz about the ticket, and Dayno told him to be quiet. Defendant told him that he just did not want his fiancee (the witness) to go to jail. According to the witness, Dayno became upset and informed defendant that if he was not quiet he would be placed under arrest. Defendant continued to discuss the ticket; Dayno told him to step away, to which defendant responded, "No," and continued to talk. Dayno then informed defendant that he was under arrest. According to the witness, Dayno then pushed the defendant against the back of the Subaru and requested that defendant give him his hands, to which the defendant replied, "[G]et them." Dayno then threw defendant to the ground, handcuffed one hand, kneed the defendant in the back, and then turned him around to handcuff the other hand. While Dayno was straddling him, he proceeded to choke the defendant. The witness recalled saying "stop it" but stated it was directed to Officer Dayno, not to defendant. She did not see defendant bite Dayno.

The witness further testified that defendant was carried to the squad car, and Officer Dayno stood the defendant up and defendant got into the squad car. Defendant did not struggle or kick as he got into the squad car. The witness also identified a photograph of the defendant taken the day after he was arrested showing thumb marks on the defendant's neck and bruising on his forehead.

The jury found the defendant guilty of aggravated battery, and the trial court imposed the sentence indicated above. This appeal followed.

The defendant contends, first, that it was reversible error for the trial court to refuse defendant's tendered instruction on the offense of resisting arrest. Defendant argues that resisting arrest is a lesser included offense of aggravated battery and, therefore, he was entitled to have the jury instructed as to that offense.

Defendant was charged with the offense of aggravated battery,

which is defined as follows:

"A person who, in committing a battery, commits aggravated battery if he either:

\* \* \*

Knows the individual harmed to be a peace officer, or a person summoned and directed by him, or a correctional institution employee, while such officer or employee is engaged in the execution of any of his official duties including arrest or attempted arrest." (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6).)

The offense of resisting arrest is defined as follows:

"A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor." Ill. Rev. Stat. 1987, ch. 38, par. 31—1.

The State tendered an instruction which was based on Illinois Pattern Jury Instructions, Criminal, No. 11.10 (2d ed. 1981) (hereinafter IPI Criminal 2d No. 11.10), which was given by the trial court and which required the State to prove the following elements:

"First: That the defendant knowingly or intentionally without legal justification caused bodily harm to Brian [*sic*] Dayno; and

Second: That the defendant knew Brian [*sic*] Dayno to be a peace officer engaged in the performance of his official duties."

The defendant tendered an instruction on resisting or obstructing a peace officer based on IPI Criminal 2d No. 22.10, which was refused by the trial court. The refused instruction required proof:

"First: That Bruce Dayno was a peace officer; and Second: That the defendant knew Bruce Dayno was a peace officer; and

Third: That the defendant knowingly resisted or obstructed the performance by Bruce Dayno of an authorized act within his official capacity."

■■ ■ Both the State and the defendant are entitled to appropriate instructions which present their theories of the case to the jury when the evidence supports such theories. (*People v. Lyda* (1989), 190 Ill. App. 3d 540, 544.) A defendant is entitled to the benefit of any defense shown by the *entire* evidence, even if the facts on which the defense is based are inconsistent with a defendant's own testimony. (*Lyda*, 190 Ill. App. 3d at 544.) Very slight evidence upon a given theory of a case will justify the giving of an instruction. *Lyda*,

190 Ill. App. 3d at 544.

Early cases looked to an abstract statutory definition of the crimes involved, finding a crime to be a lesser included offense only if the greater offense included every element of the alleged lesser included offense. (*People v. Krueger* (1988), 176 Ill. App. 3d 625, 628.) In more recent cases, our supreme court has gone beyond abstract statutory definitions and looked to both the language used in the charging instruments and the evidence presented at trial. (*Krueger*, 176 Ill. App. 3d at 628.) In *People v. Dace* (1984), 104 Ill. 2d 96, the court, while refusing to adopt the "inherent relationship test," determined that where the defendant was charged with residential burglary with the intent to commit theft, and the offense of theft was proved by the evidence, he was entitled to have the jury instructed on the offense of theft. In *People v. Bryant* (1986), 113 Ill. 2d 497, the court pointed out:

> "The principle is well established that a defendant may be entitled to have the jury instructed on a less serious offense that is included in the one he is charged with. [Citation.] The reason for this is clear: an instruction on a lesser offense provides an important third option to a jury which, believing that the defendant is guilty of something but uncertain whether the charged offense has been proved, might otherwise convict rather than acquit the defendant of the greater offense." 113 Ill. 2d at 502.

The *Bryant* court then pointed out that what constituted a lesser included offense was not always clear. Bryant was charged with and found guilty of attempted burglary. He tendered an instruction at trial on criminal damage to property which was refused. The State argued that Bryant was not entitled to an instruction on the offense of criminal damage to property because the indictment for attempted burglary did not allege the mental state of knowledge. However, the court agreed with the defendant that the form of burglary at issue required a knowing entry and that, therefore, the indictment could be read as implicitly including the mental state, especially since an inchoate offense requires specific intent. (*Bryant*, 113 Ill. 2d at 505-06.) However, the court then went on to state:

> "There are several notable limits on the operation of the included-offense doctrine, however. For example, because a defendant's instruction on a lesser offense is appropriate 'if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater' [citation], the evidence presented in a particular case might rationally

preclude the use of an instruction on a lesser offense. [Citations.] Moreover, an included-offense instruction ' "is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." ' [Citation.] Thus, instructions on less serious offenses are not required in every case." *Bryant*, 113 Ill. 2d at 507.

In *People v. Krueger* (1988), 176 Ill. App. 3d 625, this court, relying on *People v. Bryant* and *People v. Dace*, concluded that where the defendant was charged with attempted murder, it was reversible error to refuse to instruct the jury on the offense of aggravated assault when the evidence at trial could support a conviction of aggravated assault.

Since the decision in *People v. Krueger*, our supreme court issued its opinion in *People v. Schmidt* (1988), 126 Ill. 2d 179. In that case, the defendant was charged only with residential burglary. At the defendant's request, the jury was instructed as to the offense of theft. (*People v. Schmidt* (1987), 161 Ill. App. 3d 278, 279.) The jury found him guilty of both residential burglary and theft.

The appellate court reversed defendant's convictions and remanded for a new trial on the basis that the verdicts for residential burglary and theft were inconsistent. The appellate court noted that theft was not a lesser included offense of burglary, citing *People v. Dace*. The court admitted confusion in that while *Dace* states that theft is not a lesser included offense of burglary and rejected the "inherent relationship test," it nonetheless held that it was error to refuse to give the theft instruction. The appellate court in *Schmidt* concluded that the rationale for requiring the theft instruction "is based on the case law holding an accused is entitled to instructions on his theory of the case, and a refusal to give such instruction is error." *Schmidt*, 161 Ill. App. 3d at 280.

On appeal by the State, our supreme court in *Schmidt* affirmed defendant's conviction of residential burglary but agreed that the conviction of theft was improper and vacated it. The court held that, where an accused is charged with a single offense, he cannot be found guilty of an offense not charged unless it is a lesser included offense. The supreme court did not refer to its opinion in *Bryant*; as to *People v. Dace*, the court stated:

"[W]e are not unaware of *People v. Dace* (1984), 104 Ill. 2d 96. We would observe that in *Dace* the fundamental question just stated was not presented to or considered by the court." *Schmidt*, 126 Ill. 2d at 185.

The State contends here that resisting arrest cannot be a lesser included offense of aggravated battery because aggravated battery does not include the element of knowledge that the act will resist or obstruct the officer, an element of the offense of resisting arrest. The State further argues that the information in this case did not incorporate any reference to knowing resistance or obstruction and thus did not incorporate those elements into the offense.

The information in this case, charging the defendant with aggravated battery, stated in pertinent part as follows:

"The said defendant in committing a battery, in violation of Illinois Revised Statutes, Chapter 38, Section 12—3, without legal justification knowingly caused bodily harm to Bruce Dayno, in that he kneed Bruce Dayno in the groin and bit Bruce Dayno on the finger knowing Bruce Dayno to be a peace officer engaged in the execution of his official duties."

Defendant, here, was charged only with aggravated battery, not with resisting arrest. Under *People v. Schmidt* (1988), 126 Ill. 2d 179, he could not be found guilty of resisting arrest, even if the trial court had given his tendered instruction, unless resisting arrest is a lesser included offense of aggravated battery. The supreme court acknowledged in *People v. Bryant* that the statutory definitions of a lesser included offense (Ill. Rev. Stat. 1985, ch. 38, par. 2—9) "do not explain 'which of the following is determinative in deciding if a particular offense is an included offense of another: the abstract statutory definition of the greater crime; the greater crime as it is alleged in the indictment or other charging document; or the greater crime as its necessary elements are proved at trial.' " (*Bryant*, 113 Ill. 2d at 503, quoting *People v. Mays* (1982), 91 Ill. 2d 251, 252.) The *Bryant* court looked to both the language used in the charging instrument and the evidence presented at trial. We note with interest that *Bryant* was not cited or distinguished in *People v. Schmidt* (1988), 126 Ill. 2d 179.

The failure of the charging instrument to allege expressly all the elements of the lesser offense is not fatal where, to the extent that the lesser offense must have a broad foundation in the instrument charging the greater, the charging instrument sets out the main outline of the lesser offense for which an instruction is sought. (*Bryant*, 113 Ill. 2d at 505; *People v. Krueger* (1988), 176 Ill. App. 3d 625, 629.) In the case before us, the information charges that the defendant "knowingly caused bodily harm" to Officer Dayno. While the information does not state in precise language that defendant "knowingly" committed an act that would "resist or obstruct the po-

lice officer," it is implicit in the acts defendant is accused of, namely, knowingly kneeing and biting Officer Dayno, that Officer Dayno would be "obstructed" from carrying out his duties as a police officer. Therefore, we agree with the defendant that under *People v. Bryant* resisting arrest is a lesser included offense of aggravated battery. The defendant was entitled to an instruction on the lesser included offense of resisting a police officer, and, therefore, the judgment must be reversed and the cause remanded for a new trial. See *People v. Krueger* (1988), 176 Ill. App. 3d 625, 630.

Defendant also contends that the trial court erred when it failed to instruct the jury as to under what circumstances a person is justified in defending himself against excessive force used by a police officer in effecting an arrest. The defendant admits that he did not tender an instruction to the trial court on this issue, nor did he object to the giving of the following instructions which were tendered by the State:

"A peace officer need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of force which he reasonably believes to be necessary to effect the arrest or to defend himself from bodily harm while making the arrest." (See IPI Criminal 2d No. 24—25.12.)

And:

"A person is not authorized to use force to resist an arrest which he knows is being made by a peace officer, even if he believes that the arrest is unlawful and the arrest is in fact unlawful." (See IPI Criminal 2d No. 24—25.20.)

Rather, the defendant contends that because the instructions given in this case failed to define legal justification, they were fundamentally inadequate, and the trial court should have *sua sponte* instructed the jury on legal justification. Defendant maintains that failure to do so resulted in plain error (107 Ill. 2d R. 615(a)), which defeats any claim that defendant waived this allegation of error.

■ As a general rule, the failure to object at trial to an asserted error in jury instructions waives the issue on appeal. However, when the issue of self-defense has been raised, the failure to tender the instruction does not waive the issue for appeal unless the instructions which were given sufficiently apprised the jury of the State's burden of proof. *People v. Bailey* (1982), 108 Ill. App. 3d 392, 398.

■ A significant purpose of the plain error exception to the waiver doctrine is to correct any serious injustices which have been done to the defendant. It therefore becomes relevant to examine the

strength or weakness of the evidence against him; if the evidence is close, there is a possibility that an innocent person may have been convicted due to some error which is obvious from the record, but not properly preserved. *People v. Carlson* (1980), 79 Ill. 2d 564, 576.

We have previously determined that this cause must be remanded for a new trial. No instruction on defining legal justification was tendered to the trial court at the original trial of this cause. Whether such an instruction is warranted can only be determined in light of the evidence introduced at defendant's new trial. Therefore, we decline to address this issue.

The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

JUSTICE McLAREN, concurring.

I wish to expound upon several matters which are discussed in the opinion and the dissent. The opinions of my colleagues continue to use the term "lesser included offense" consistent with prior appellate and supreme court opinions. I consider this term to be ambiguous and confusing. Originally, the term meant what it said, *i.e.*, a *lesser* and *included* offense, "lesser" in the sense that the offense was less heinous and was punished accordingly, "included" in the sense that the elements of the "included" offense were included within the elements of the "greater" offense. Through judicial evolution, in cases like this one, the term "lesser included offense" has come to mean a "lesser-*non*included offense." In other cases, the term has retained its original meaning, *i.e.*, an *actual* "lesser included offense."

This evolution has come about because the law allows a defendant to present his alternative theory of guilt if there is evidence to support such a theory. The alternative theory may be either a lesser included offense or a lesser nonincluded offense, and possibly both if more than one theory is presented. I suggest that in this particular area of the law the term "lesser *alternative* offense" should be adopted so that the problems described by Justice Reinhard's dissent can be minimized.

I believe that by adopting this terminology one can reconcile apparent contradictions in *People v. Bryant* (1986), 113 Ill. 2d 497, and *People v. Schmidt* (1988), 126 Ill. 2d 179.

I believe *Schmidt* stands for the proposition that, when a defend-

ant presents a lesser alternative offense, he cannot be convicted of *both* the greater and the lesser alternative offense because the defendant was not *charged* by the State with the lesser offense. This is consistent with the principle that a defendant cannot be convicted of *both* a greater and a *lesser included* offense regardless of who presented it. The rationale is based upon the belief that the jury should be given the choice of *alternative* convictions not coincidental convictions.

To reiterate—there are three terms:
1. Lesser included offense (*e.g.*, Texan)
2. Lesser nonincluded offense (*e.g.*, Iowan), and
3. Lesser alternative offense (*e.g.*, American).

The first two terms grammatically are mutually exclusive and incompatible regardless of their usage in prior opinions. The first and third terms, and the second and third terms, grammatically and legally, are mutually inclusive and compatible unless stated to the contrary in future opinions.

In conclusion, hopefully my comments will make clear the ambiguous and not make ambiguous the clear. At this juncture, it is premature to presume so.

JUSTICE REINHARD, dissenting:

I respectfully dissent from the majority's holding that under *People v. Bryant* (1986), 113 Ill. 2d 497, "resisting arrest is a lesser included offense of aggravated battery" and that defendant was therefore entitled to an instruction he requested on the offense of resisting arrest. See 195 Ill. App. 3d at 130.

In *Bryant*, our supreme court, relying on its decision in *People v. Dace* (1984), 104 Ill. 2d 96, held that an instruction tendered by the defendant therein for the less serious offense of criminal damage to property should have been given by the trial judge where the indictment charged the defendant with attempted burglary, specifically alleging defendant pulled away a screen and broke a window. (*Bryant*, 113 Ill. 2d at 505-07.) The court reasoned that the lesser offense must have a broad foundation in the instrument charging the greater offense, but that the charging instrument need not expressly allege all the elements of the lesser offense. 113 Ill. 2d at 505.

I have found no Illinois case addressing the issue of whether, applying the *Bryant* rationale, the offense of resisting or obstructing a peace officer is a lesser offense of aggravated battery alleged, as here, to be committed by causing bodily harm in a certain way to one known to be a peace officer engaged in the execution of his offi-

cial duties. It is also clear that looking at the offense of aggravated battery as charged, resisting or obstructing a peace officer is not a lesser included offense, as the offense charged does not include every element of the lesser offense, plus an additional element or elements. See *People v. Stroner* (1983), 96 Ill. 2d 204, 209.

In *Dace*, the lesser offense, theft, was stated in the charging instrument and, together with evidence introduced at trial, was sufficient to warrant an instruction on the lesser offense of theft, where residential burglary only had been charged. (*Dace*, 104 Ill. 2d at 102-03.) In *Bryant*, the property damage to the building, which was the foundation for the lesser charge of criminal damage to property, was set out in the instrument charging the greater offense of attempted burglary and was consistent with the evidence at trial, which could arguably support a guilty verdict on the lesser offense. *Bryant*, 113 Ill. 2d at 505.

In the case at bar, however, the offense of resisting or obstructing a peace officer does not have a broad foundation in the instant information, which charges defendant with causing "bodily harm to Bruce Dayno, in that he kneed Bruce Dayno in the groin and bit Bruce Dayno on the finger." The act of kneeing and biting Officer Dayno would not necessarily constitute the offense of resisting or obstructing a peace officer. Unlike in *Bryant*, where the charging instrument alleged damage to a screen and a window which would necessarily provide the foundation for a charge of criminal damage to property, the allegations of kneeing and biting Dayno do not alone necessarily provide a foundation for a charge of resisting or obstructing a peace officer under the circumstances here.

Furthermore, the instruction tendered by defendant only required proof, *inter alia*, that defendant "knowingly resisted or obstructed the performance by Bruce Dayno of an authorized act within his official capacity" and did not specify the acts of kneeing and biting as alleged in the information. Thus, the instruction requested by defendant does not specify the very conduct relied upon by him in arguing that the information sets forth the lesser offense of resisting or obstructing a peace officer. Such a generalized instruction, as tendered here, would only serve to confuse the jury and unnecessarily inject issues into the case. (See *People v. Taylor* (1983), 112 Ill. App. 3d 3, 5.) Further, it is defendant's duty to tender a proper instruction on a particular issue at trial. (*People v. Smith* (1978), 71 Ill. 2d 95, 104.) Thus, the specific acts specified in the aggravated battery information were not the foundation for the tendered instruction for the offense of resisting or obstructing a peace officer. Accordingly, under

the circumstances, I conclude that the trial judge properly refused the tendered instruction for resisting or obstructing a peace officer.

One final note. The State argues that the *Dace/Bryant* rationale has been discredited in *People v. Schmidt* (1988), 126 Ill. 2d 179, which held that "where an accused is charged with a single offense he cannot be found guilty of an offense not charged unless it is a lesser included offense." (126 Ill. 2d at 184-85.) The court further observed that "in *Dace* the fundamental question just stated was not presented to or considered by the court." (126 Ill. 2d at 185.) Defendant responds to this argument by conceding that the *Schmidt* opinion calls into question the *Dace* and *Bryant* holdings and that the cases cannot be reconciled.

I, too, am uncertain whether the *Dace/Bryant* rationale still has vitality where the offense is not a lesser included offense under the generally accepted analysis set forth in *People v. Stroner* (1983), 96 Ill. 2d 204, 209, which focuses upon the crime charged to determine if all of the elements of the lesser crime are included in the greater crime. Thus, if as the State argues, the *Dace/Bryant* approach is no longer viable and *Schmidt* controls, then defendant was not entitled to an instruction on resisting or obstructing a peace officer because he was not charged with that offense and it is not a lesser included offense of aggravated battery. Given the difficulties the trial and appellate courts are having applying the *Dace/Bryant* approach, the decision in *Schmidt* should control.

For the foregoing reasons, I would find no error on this issue. The second instructional issue raised by defendant was not raised at trial and is waived (*People v. Berry* (1984), 99 Ill. 2d 499, 503); nor is it recognizable as grave error pursuant to Supreme Court Rule 451(c) (107 Ill. 2d R. 451(c)). Accordingly, I would affirm the judgment below.