THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
NATHANIEL ALLEN, Defendant-Appellant.

Second District   No. 2—84—0460

Opinion filed November 1, 1985.

G. Joseph Weller and Robert Hirschhorn, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert J. Morrow, State's Attorney, of Geneva (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Nathaniel Allen, was convicted of burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—1) and sentenced to seven years' imprisonment. He appeals, contending (1) he was not proved guilty beyond a reasonable doubt; (2) the trial court committed reversible error in refusing to give both paragraphs of the circumstantial evidence instruction; and (3) he was denied his sixth amendment right to a jury drawn from a fair cross-section of the community.

On the night of September 28, 1983, and the morning of September 29, 1983, Officer James Fancsali of the Aurora police department was on patrol in a paddy wagon. He testified that at about 2 a.m. he noticed that the bottom half of the glass door to J&M Merchandise was broken. He radioed for assistance and took a position outside of the store to see if anyone would emerge. He noticed a trail of blue jeans leading in a westerly direction from the building and, inside the store, the officer saw broken glass, a red brick by the door and several pairs of blue jeans in plastic wrappers. Although Officer Fancsali had passed by the store four times earlier that night he had not noticed anything unusual at those times.

Sergeant Barrett testified that he responded to Fancsali's call of a break-in and drove east towards the store. He noticed no pedestrians at all until he sighted defendant at 2:03 a.m. walking rapidly down the street carrying a large garbage bag from which jeans were falling. Barrett stopped defendant and noted he was bleeding from a cut on his wrist; he then searched defendant and arrested him. This occurred about three city blocks west from the store.

Barrett later photographed the crime scene and stated that he did not notice any blood on the door frame, the broken glass, or the brick. Analysis of 29 glass chips taken from defendant's clothing revealed

that three chips from the right boot could have been from the glass door, although that particular type of glass occurred in about one out of every seven glass samples taken.

Officer Reichardt, who had responded to Fancsali's radio call, testified that he had passed the store 10 minutes prior to the call and had noticed nothing unusual. At the time of the call, he was in a squad car and proceeded south toward the store. At 2:01 a.m. he stopped two men one block north of the store and questioned them, but was convinced that they had nothing to do with the break-in.

The owner of the store identified the 26 pairs of jeans recovered as those taken from his store.

After acknowledging two prior convictions, defendant testified that he had been preparing to move into an apartment at 215 West Downer at the time of the incident and had gone there to clean. He stated that he left the apartment at about midnight and went to a bar until 1 a.m. and then to a taco restaurant.

Tina Witkins, with whom defendant had been living, verified defendant's testimony but stated that she did not know where defendant was going when he left at midnight.

Defendant further testified that after leaving the restaurant he went into an alley to relieve himself but before doing so he saw two persons who left when they saw him. He stated that he then saw a bag of jeans near a dumpster, picked it up and left the alley. He proceeded west and was stopped by the police at the next corner. Defendant denied breaking into and entering J&M Merchandise.

Over defense objections, the trial court gave the circumstantial evidence instruction (Illinois Pattern Jury Instruction, Criminal No. 3.02 (2d ed. 1981) (hereinafter cited as IPI Criminal, No. 3.02 (2d ed. 1981) (hereinafter cited as IPI Criminal No. 3.02)), without the second paragraph concerning exclusion of all reasonable theories of innocence. The court also properly instructed the jury on the reasonable doubt standard, according to Illinois Pattern Jury Instruction, Criminal, No. 2.03 (2d ed. 1981).

■■ Defendant first argues that the State failed to satisfy the three-prong test adopted by the Illinois Supreme Court in *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151, *cert. denied* (1981), 454 U.S. 845, 70 L. Ed. 2d 131, 102 S. Ct. 160 (hereinafter *Housby*). There the court stated that guilt of a burglary may be inferred from a defendant's exclusive possession of recently stolen property only if (1) there is a rational connection between possession and participation; (2) guilty of burglary more likely than not flows from the unexplained possession; and (3) there is evidence corroborating his guilt. *People v.*

*Housby* (1981), 84 Ill. 2d 415, 424; *People v. Akins* (1984), 128 Ill. App. 3d 1009, 1014, 471 N.E.2d 1003.

■■ In the instant case, we deem all three *Housby* requirements to be met. The westerly trail of blue jeans leading in the defendant's direction, the short 13-minute interval between commission of the burglary and defendant's apprehension with the stolen jeans, and the fact that glass fragments from his clothes matched the type of glass from the broken J&M Merchandise door all support the rational connection between possession and participation and the likelihood that the burglary flows from the possession. The same evidence may satisfy more than one prong of the test. *People v. Klein* (1983), 115 Ill. App. 3d 582, 585, 450 N.E.2d 1268.

Unlike *Housby*, the defendant in this case presented an explanation for his possession of the stolen goods; however, it was within the jury's province to reject this account and it did so. (*People v. Winfield* (1983), 113 Ill. App. 3d 818, 826, 447 N.E.2d 1029, *appeal denied* (1983), 96 Ill. 2d 549; *People v. Steffens* (1985), 131 Ill. App. 3d 141, 147, 475 N.E.2d 606.) Moreover, defendant misconstrues *Housby* when he contends that the mere fact of his explanation makes *Housby* inapplicable to this case as the courts have applied the *Housby* standards despite the existence of a contrary construction of the facts by a defendant. *People v. Jones* (1985), 105 Ill. 2d 342, 475 N.E.2d 832; *People v. Akins* (1984), 128 Ill. App. 3d 1009, 471 N.E.2d 1003; *People v. Johnson* (1982), 103 Ill. App. 3d 564, 431 N.E.2d 1381, *appeal denied* (1982), 91 Ill. 2d 563.

The final prong of the *Housby* test is satisfied in this instance not only by the above detailed evidence, but by the mere fact that the jury evidently discredited the defendant's explanation. The *Housby* court found that this constitutes sufficient corroboration for the third prong (84 Ill. 2d 415, 430-31) and recently reaffirmed that view in *People v. Jones* (1985), 105 Ill. 2d 342, 358, 475 N.E.2d 832. Accordingly, we conclude that the evidence in this case was sufficient to support the permissive inference of burglary.

■■ We next address defendant's claim that the trial court erred in refusing to instruct the jury on the second paragraph of IPI Criminal 2d No. 3.02, which states:

"You should not find the defendant guilty unless the facts or circumstances proved exclude every reasonable theory of innocence."

The committee notes suggest that the second paragraph of the instruction is to be given in those cases where the State's case is entirely circumstantial. This view was adopted by the Illinois Supreme

Court in *People v. Evans* (1981), 87 Ill. 2d 77, 83, 429 N.E.2d 520, and most recently reaffirmed in *People v. Crow* (1985), 108 Ill. 2d 520, 536.

In the present case, the State argues that its case contains both direct and circumstantial evidence, while defendant contends that the evidence was entirely circumstantial. In support of its position the State cites this court's decision in *People v. Flowers* (1982), 111 Ill. App. 3d 348, 357-58, 444 N.E.2d 242, *appeal denied* (1983), 92 Ill. 2d 576, wherein it was held that evidence showing that a burglary had been committed was direct evidence of the crime and was sufficient to preclude giving the second paragraph of IPI Criminal 2d No. 3.02. See also *People v. Edmondson* (1982), 106 Ill. App. 3d 716, 721-22, 435 N.E.2d 870, *appeal denied* (1982), 91 Ill. 2d 524.

However, the courts have subsequently determined the focus of the instruction to be on proof of guilt. Proof of *corpus delicti* or mere occurrence of the crime is not sufficiently direct evidence to preclude submission of the second paragraph of IPI Criminal No. 3.02 to a jury. *People v. Jones* (1985), 105 Ill. 2d 342, 355, 475 N.E.2d 832; *People v. Crow* (1985), 108 Ill. 2d 520, 533-34.

In the present case, it is quite apparent that the defendant's conviction was based solely on circumstantial evidence. The State has failed to produce any direct evidence of the defendant's commission of the burglary such as a confession or eyewitness testimony. Proof of the break-in itself and possession of the jeans by the defendant are circumstantial evidence under *Jones* and *Crow*, and will not suffice. Therefore, the entire jury instruction should have been given.

However, it has been said that reversal is not required where the jury has been properly instructed as to the presumption of innocence, that the defendant is not required to prove himself innocent, and that the State must prove him guilty beyond a reasonable doubt. (*People v. Edmondson* (1982), 106 Ill. App. 3d 716, 721-22, 435 N.E.2d 870, *appeal denied* (1982), 91 Ill. 2d 574; *People v. Cross* (1981), 100 Ill. App. 3d 83, 90, 426 N.E.2d 623.) However, language in *People v. Crow* (1985), 108 Ill. 2d 520, 536, suggests that this is no longer true. Noting in *Crow* that the second paragraph of IPI Criminal 2d No. 3.02 is unnecessary only where the jury is instructed on standards for determining reasonable doubt, our supreme court then declined to return to Illinois' former practice of attempting to define reasonable doubt and adhered to its rule that where evidence is solely circumstantial, the full instruction must be given.

Nevertheless, it has also been held that error in failing to give the full instruction does not require reversal where it does not appear

that justice has been denied or that the verdict resulted from such error (*People v. Williams* (1984), 128 Ill. App. 3d 384, 399, 470 N.E.2d 1140, *appeal denied* (1985), 101 Ill. 2d 593; *People v. Edmondson* (1982), 106 Ill. App. 3d 716, 722, 435 N.E.2d 870, *appeal denied* (1982), 91 Ill. 2d 574), or no reasonable explanation of defendant's behavior was presented (*People v. McLaughlin* (1984), 121 Ill. App. 3d 1080, 1085, 460 N.E.2d 787).

■ We are not persuaded in the present case that a different verdict would have resulted had the full instruction been given. An examination of the record reveals that the defendant was arrested with the stolen jeans in his possession three blocks from the burglarized store within 13 minutes of the offense; glass fragments on his clothes were identical to glass from the store's broken door, though that type of glass does represent one-seventh of the region's glass products; he was bleeding from a cut on the wrist; the only other individuals in the area could not have perpetrated the crime and abandoned the jeans in the alley in accordance with defendant's version of the events since they were stopped two minutes earlier than the defendant three to four blocks away from the alley; and no evidence was elicited to support defendant's story, even though Sergeant Barrett arrested him less than a block away from the alley. Here the jury rejected defendant's explanation of the events as unreasonable and lacking credibility, and we cannot say that determination is unwarranted. Had the jury believed him, it would have acquitted the defendant regardless of the accuracy of the instruction. In light of the evidence presented, we are not persuaded that justice has been denied in this case or that a reasonable explanation for defendant's behavior has been presented. Hence, we conclude that any error in not giving the second paragraph of IPI Criminal 2d No. 3.02 was harmless beyond a reasonable doubt.

■ Lastly, the defendant contends that he was denied his right to a jury drawn from a fair cross-section of the community because the prosecutor peremptorily excused the only black and the only Hispanic from the jury venire. Acknowledging that the Illinois Supreme Court has resolved that only systematic and purposeful exclusions of blacks from juries raises constitutional issues (*People v. Williams* (1983), 97 Ill. 2d 252, 274-80, 454 N.E.2d 220, *cert. denied* (1984), 466 U.S. 981, 80 L. Ed. 2d 836, 104 S. Ct. 2364 (hereinafter *Williams*); *People v. Payne* (1983), 99 Ill. 2d 135, 137-39, 457 N.E.2d 1202), defendant nevertheless urges this court to reevaluate the issue in light of *McCray v. New York* (1983), 461 U.S. 961, 77 L. Ed. 2d 1322, 103 S. Ct. 2438. There, the court denied a petition for *certiorari*, but three justices expressed interest in the issue while two other justices strongly dis-

sented from the denial of *certiorari*. However, since the denial in *Mc-Cray* was referred to specifically in *Williams* (97 Ill. 2d 252, 280), we must conclude the court was aware of the justices' interest yet knowingly rejected any modification of their stance on the issue. This determination is bolstered by recent reaffirmations of the *Williams* view by our supreme court in *People v. Lyles* (1985), 106 Ill. 2d 373, 392-93, 478 N.E.2d 291, and *People v. Gaines* (1985), 105 Ill. 2d 79, 87-88, 473 N.E.2d 868, *cert. denied* (1985), 471 U.S. ___, 86 L. Ed. 2d 282, 105 S. Ct. 2666.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LINDBERG and UNVERZAGT, JJ., concur.