THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHELTON L. OLIVER, Defendant-Appellant.

Fifth District    No. 5—84—0737

Opinion filed March 21, 1986.

WELCH, J., dissenting.

Randy E. Blue and John R. Abell, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kathleen Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle, Stephen E. Norris, and Vito A. Mastrangelo, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Shelton L. Oliver, was convicted after a jury trial in the circuit court of Jefferson County of felony theft. He was sentenced to four years' imprisonment. On appeal he contends (1) the court erred in failing to give the jury the second paragraph of Illinois Pattern Jury Instruction (IPI), Criminal, No. 3.02 (2d ed. 1981), regarding circumstantial evidence, and (2) that he should receive credit toward the $20 fine he was ordered to pay to the Violent Crime Vic-

tims Assistance Fund for days he spent in jail prior to trial. We reverse and remand.

The owner of a car dealership in Mount Vernon, Obbie Atkinson, testified that defendant and another man were on his lot on July 19, 1984, moving from one car to the next without spending much time examining any particular vehicle. Atkinson talked briefly with the men, then they left. The next day, July 20, Atkinson discovered a 1980 Chevrolet pickup truck was missing. He stated it was worth $5,000.

Michael Foster pleaded guilty to stealing the truck. He testified at defendant's trial that defendant had nothing to do with the theft. Foster stated that he and defendant had been on Atkinson's lot either on July 18 or July 19. Foster testified that at that time he had no intention of stealing a vehicle. However, he returned to the dealership around midnight on the night of July 19, and began working to remove the ignition of the pickup truck. Foster removed it, took it home and modified it so it would start the truck without a key, then went back to the car lot and put the ignition back into the truck. He then stole the vehicle.

Around 2 or 3 p.m. on July 21, Foster left Mount Vernon driving the pickup and headed north. He said there was no one with him when he left town, but that he saw defendant hitchhiking about two miles north of Mount Vernon. He knew defendant because he worked with him on the night shift at Martin's IGA. He told defendant the truck had been borrowed from a friend. Foster further testified they were stopped in Kankakee around 2 a.m. on July 22 for driving without taillights. Foster and defendant were arrested when police learned the truck was stolen.

Trooper Frank Arceneaux of the Illinois State Police was the officer who stopped the truck and discovered it had been stolen. He testified the ignition was on the front seat of the truck between the two men instead of in the dashboard where it belonged. He also found a screwdriver on the seat. Arceneaux stated that after the arrest, Foster said defendant had not been involved in the theft of the truck. Foster had told him he had picked up defendant at defendant's house because they planned to travel to California then on to Hawaii in the hope of getting new jobs. Arceneaux said that defendant had told him that he was hitchhiking when Foster picked him up. Defendant also told the trooper he was not involved in the theft of the truck. Trooper Arceneaux further testified that defendant had said he worked the night shift at an IGA store making donuts, but stated he did not know Foster. Trooper Robert Cluver confirmed much of the testimony

of Trooper Arceneaux.

Rosemary Catz, the manager of Martin's Foods, testified that Foster and defendant knew each other because they worked together on the night shift three nights a week. On July 21, Foster told Catz he and defendant were quitting work. Catz did not talk directly to defendant about his plans to quit.

Defendant testified on his own behalf, and stated he had gone with Foster to Atkinson's car dealership to look at cars for Foster. But defendant denied any involvement in or knowledge of the theft. He stated he was hitchhiking to Chicago when Foster stopped to give him a ride. He admitted he knew Foster because he worked with him. Defendant explained that he had not told the troopers he did not know Foster, but rather that he did not know him well. He admitted seeing the ignition for the truck was broken, but testified that Foster told him the person from who he had borrowed the truck had a new one ordered. He also said he knew what Foster's own car looked like. Defendant further testified that Foster wanted defendant to go with him to Hawaii to get new jobs.

Defendant also called Foster as a witness, with Foster stating that the ignition switch was still in the dashboard when the police stopped him and was not on the seat.

Also testifying for defendant was his mother, Sandra Oliver. She said defendant had been home all day on July 19 and 20 but left home on July 21 to go to Chicago to visit his uncle. She said her son left on foot.

■ Defendant first claims the court erred when it did not give the jury the second paragraph of IPI Criminal 2d No. 3.02. The court did give the jury the first paragraph of this instruction, which states:

"Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of a defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

The court refused defendant's request to give the jury the second paragraph of IPI Criminal 2d No. 3.02, which states:

"You should not find the defendant guilty unless the facts or circumstances proved exclude every reasonable theory of innocence."

The Committee Note for this instruction states: "The second paragraph should be given only when the proof of guilt is entirely circumstantial." The State argues there was direct evidence in the case and that consequently the second paragraph of the instruction did not

have to be given to the jury.

Prior to *People v. Crow* (1985), 108 Ill. 2d 520, 485 N.E.2d 381, some courts took the view that evidence that a crime had been committed is direct evidence for the purpose of determining that the second paragraph of IPI Criminal 2d No. 3.02 need not be given. (See, *e.g., People v. Flowers* (1982), 111 Ill. App. 3d 348, 358, 444 N.E.2d 242, 249.) But the supreme court in *Crow* rejected this view and shifted the focus to whether there is any direct evidence of a *defendant's guilt*. (*People v. Crow* (1985), 108 Ill. 2d 520, 532-33, 485 N.E.2d 381, 387; *People v. Allen* (1985), 137 Ill. App. 3d 823, 827, 485 N.E.2d 469, 472.) This is consistent with the language of the Committee Note, which talks of "proof of guilt," as well as with the instruction itself, which refers to "the guilt or innocence of a defendant."

In *Crow* the supreme court found that evidence the defendant had purchased the murder weapon was not direct evidence of guilt. (*People v. Crow* (1985), 108 Ill. 2d 520, 532-33, 485 N.E.2d 381, 387.) In *Allen*, the court found in a burglary case that proof that a break-in had occurred and proof that the defendant later possessed goods taken in that break-in constituted not direct, but circumstantial evidence of guilt. (*People v. Allen* (1985), 137 Ill. App. 3d 823, 827, 485 N.E.2d 469, 472.) The approach of these cases is logical, for to hold that simply proving a crime occurred is enough to preclude the giving of the second paragraph of IPI Criminal 2d No. 3.02 would emasculate this portion of the instruction. See *People v. Hargis* (1983), 118 Ill. App. 3d 1064, 1078, 456 N.E.2d 250, 258.

Applying *Crow* and *Allen* to the present case, we must conclude that evidence that a truck was stolen, that Atkinson was the owner of the truck, and that the truck was worth over $300 does not constitute direct evidence of defendant's guilt so as to obviate the need for the second paragraph of IPI Criminal 2d No. 3.02. We also reject the State's contention that the evidence that defendant was with Foster at the car lot the day before the truck was stolen and was in the truck with Foster after it was stolen constitutes direct evidence of guilt. As we have noted, the court in *Allen* found that evidence the defendant was in possession of stolen goods was not direct evidence of guilt of burglary. (*People v. Allen* (1985), 137 Ill. App. 3d 823, 827, 485 N.E.2d 469, 472.) The State further argues that statements made by defendant can be considered direct evidence. The defendant's statements here do not establish his participation in the crime, and thus are not direct evidence for purposes of the instruction. (See *People v. Crow* (1985), 108 Ill. 2d 520, 533, 485 N.E.2d 381, 387; *People v. Frazier* (1984), 129 Ill. App. 3d 704, 707-08, 472 N.E.2d 1183,

1186-87.) There is no evidence here that directly shows defendant committed the crime of theft, or was accountable for Foster's actions in stealing the truck. We note that mere presence does not render one accountable for the criminal acts of another. *People v. Evans* (1981), 87 Ill. 2d 77, 83, 429 N.E.2d 520, 522.

We observe the State presented only one eyewitness who could have given direct evidence of defendant's participation in the crime, and that was Foster, who admitted stealing the truck. But Foster testified unequivocally that defendant was in no way involved with the theft of the truck. Thus, the only direct evidence regarding defendant's culpability was evidence he was innocent.

■ The State also argues that even if the second paragraph of the instruction should have been given, any error in not giving it here was harmless. However, as in *Crow*, "[w]e have considered the evidence in its entirety and are not prepared to say that had the instruction been given the verdict would not have been different." (*People v. Crow* (1985), 108 Ill. 2d 520, 536, 485 N.E.2d 381, 388-89.) The judgment of conviction and sentence must therefore be reversed and the cause remanded for a new trial.

Because of our disposition of the first issue, we need not reach defendant's second contention.

For the foregoing reasons, the judgment of conviction and sentence of the circuit court of Jefferson County is reversed and the cause remanded for a new trial.

Reversed and remanded.

KARNS, J., concurs.

JUSTICE WELCH, dissenting:
I respectfully dissent. I see no need to decide whether there was any direct evidence of defendant's guilt; I conclude that the trial court's failure to give the second paragraph of IPI Criminal 2d No. 3.02 was harmless. See *People v. Minor* (1983), 115 Ill. App. 3d 1046, 1051, 451 N.E.2d 1011, 1014.

As the majority notes, the question is whether we can say that had the instruction been given the verdict would not have been different. (*People v. Crow* (1985), 108 Ill. 2d 520, 536, 485 N.E.2d 381, 388-89.) Defendant admitted knowing Foster and working with him; he admitted accompanying Foster to the car dealership; he admitted knowledge of the broken ignition in the truck; and he admitted that he and Foster discussed going to Hawaii together. Catz' testimony

that Foster told Catz he and defendant were quitting their jobs is uncontradicted. The truck was discovered missing July 20. Defendant and Foster were arrested in the truck early on July 22, 200 miles north of the car dealership where it was stolen. Thus if defendant's denials of guilt are to be believed, defendant was the victim of a monstrous coincidence, a hitchhiker's bad luck.

If a defendant's testimony is so unreasonable or so remarkable as to seem incredible, the jury may reject it. (*People v. Malmenato* (1958), 14 Ill. 2d 52, 59, 150 N.E.2d 806, 810.) In light of the uncontradicted evidence, defendant's story was so unbelievable that he had no right to expect a jury to believe it, regardless of the instructions concerning circumstantial evidence. The evidence convicted defendant, not the trial court's error, if any. I would affirm defendant's conviction and give him full credit against his fine for time served, as he requests it and the State properly concedes it.