THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NATHANIEL ALLEN, Defendant-Appellant.
Second District   No. 2—84—0460

Opinion filed August 12, 1987.—Supplemental opinion filed February 11, 1988.

398

G. Joseph Weller, Robert Hirschhorn, and Kim M. DeWitt, all of State Appellate Defender's Office, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Robert J. Morrow, State's Attorney, of Geneva (Roma Jones Stewart, Solicitor General, and Marcia L. Friedl, Assistant Attorney General, of Chicago, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Defendant, Nathaniel Allen, was convicted of burglary and sentenced to a term of seven years' imprisonment. This court affirmed the conviction in *People v. Allen* (1985), 137 Ill. App. 3d 823, 485 N.E.2d 469, and the Supreme Court of Illinois thereafter denied defendant's petition for leave to appeal. *Certiorari* was granted by the United States Supreme Court, which vacated the conviction and remanded the cause to this court for further consideration in light of *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, and *Griffith v. Kentucky* (1987), 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708.

The parties have filed additional briefs, and the defendant, who is black, contends that he established at trial a *prima facie* showing that through the use of a peremptory challenge the prosecutor engaged in purposeful racial discrimination in the exclusion of a black juror. He argues that this court should find that a *prima facie* case was made

and remand the cause to the trial court for a hearing in which the State would be required to come forth with a racially neutral explanation of its challenge of that juror.

The State agrees the matter should be remanded to the trial court for a *"Batson"* hearing, but contends that the question whether defendant has established a *prima facie* case of purposeful discrimination in selection of the petit jury should, in the first instance, be considered by the trial court. We agree.

■ At the time of the selection of the jury which decided this case the Illinois courts considered the issue of the misuse of peremptory challenges to exclude jurors for racial reasons under the guidelines set forth in *People v. Payne* (1983), 99 Ill. 2d 135, 457 N.E.2d 1202, and *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824. Those guidelines provided that to raise a constitutional issue of purposeful discrimination a defendant must show that the State had systematically excluded prospective petit jurors on the basis of race by the exercise of peremptory challenges in case after case. (*Payne*, 99 Ill. 2d at 137; *People v. Williams* (1983), 97 Ill. 2d 252, 278, 454 N.E.2d 220.) However, the procedural rules have been changed by the court in *Batson v. Kentucky* since the jury was selected in the present case. Now, to establish a *prima facie* case of discrimination, a defendant must first show that he is a member of a recognizable racial group and that the State used peremptory challenges to remove members of his race from the jury panel. In that event, a defendant is entitled to rely on the fact that peremptory challenges in jury selection do permit improper discrimination by one who is of a mind to do so. Finally, defendant must show that these facts, and any other relevant circumstances, raise an inference that the prosecutor exercised peremptory challenges to exclude those prospective jurors on account of their race. If the court determines on consideration of these factors that an inference of discriminatory exclusion of jurors has been raised, the burden shifts to the State to come forward with a racially neutral explanation for its peremptory challenge. *Batson v. Kentucky* (1986), 476 U.S. 79, 97, 90 L. Ed. 2d 69, 88, 106 S. Ct. 1712, 1723.

■ It is apparent in this case that neither the trial court, the defendant, nor the State could have considered the new procedure mandated by the United States Supreme Court in resolving the issue, and we conclude that the trial court should make the initial determination of whether defendant has established a *prima facie* showing of purposeful racial discrimination. We consider also that defendant should have an opportunity to present evidence to establish a *prima*

*facie* case under the *Batson* procedure in the circuit court rather than be required to rely entirely upon the sparse record made at trial under other rules.

■ Accordingly, this cause is remanded to the circuit court of Kane County for a hearing to be conducted in accordance with *Batson v. Kentucky* at which defendant will be permitted to present evidence to substantiate his claim of unconstitutional discrimination in the exercise of peremptory challenges when the jury was chosen. If the trial court finds that a *prima facie* showing of such discrimination has been made, it will then determine whether or not there is a neutral explanation by the State for its exercise of the questioned challenges. The trial court shall make findings of fact and conclusions of law which, together with the record of the proceedings, shall be filed with the clerk of this court within 63 days of the filing of this opinion. This court retains jurisdiction for the purpose of reviewing the determination of the trial court, and the defendant and State will be allowed to submit supplemental briefs addressing the issue in this court.

Remanded with directions.

LINDBERG, P.J., and UNVERZAGT, J., concur.

## SUPPLEMENTAL OPINION ON REMAND

JUSTICE NASH delivered the opinion of the court:

On remand, the circuit court held the hearing mandated by our initial opinion and the additional record and briefs of defendant and the State addressing the *Batson* issue have been filed in this court.

■ At the commencement of the hearing held in the circuit court on remand, the State stipulated that defendant had established a *prima facie* case of racial discrimination by the State's use of a peremptory challenge to exclude Arthur Ellis, a black man, from the jury which tried defendant, who is also black. Because of the stipulation, the burden shifted to the State to come forward with a race neutral explanation for challenging the potential juror. *Batson*, 476 U.S. at 97, 90 L. Ed 2d at 88, 106 S. Ct. at 1723.

Thomas Sullivan, a former assistant State's Attorney who had prosecuted the case and had by peremptory challenge excused Mr. Ellis as a juror, testified that at the time the jury was selected he considered the case to have racial overtones. Sullivan recalled that there had been a number of pretrial hearings, in one of which the State had sought to increase defendant's bond because of an unrelated theft

charge, and attorney Sullivan believed that defendant felt his arrest and prosecution was racially inspired. Defendant had claimed that he had been manhandled by the police and intimated he had been arrested because he was the only black man on the street; attorney Sullivan felt that those matters were going to be advanced as a defense to the burglary prosecution. Sullivan further testified that in examination of the jurors, defendant's counsel had "pinpointed" Mr. Ellis as being the only black man on the panel, which isolated him, and may have placed Mr. Ellis in a difficult situation.

On cross-examination, attorney Sullivan stated he had not excluded Mr. Ellis on the basis of any information in the juror profile questionnaire, but because of his perception of Mr. Ellis. He denied that the decision to exclude was based primarily on race, and that Mr. Ellis was excluded, in part, because the prosecutor believed racial issues would be raised in trial.

The trial court found that the State had not presented a racially neutral explanation for challenging the juror. In commenting on the evidence, the court expressed the view that any person, black or white, was entitled to have his peers as jurors, regardless of the issues, and that defendant had a right to have a black juror. The judge also noted that racial issues were stated to be a reason for the challenge of this juror.

The defendant contends first that the State has no right to challenge in this court the findings made by the circuit court of *prima facie* racial discrimination for which a neutral explanation was not offered. He posits that these are not findings from which the State may appeal under Supreme Court Rule 604(a) (107 Ill. 2d R. 604(a)), and that the effect of permitting the State to offer a responsive brief in this matter is to allow it to take an unauthorized appeal. Defendant concludes that the findings made by the trial court on our remand are final, insofar as the State is concerned, and that as a result of those findings he is entitled to a new trial. Defendant does not suggest, however, that a contrary finding by the circuit court would have been final as to him.

It is true, as defendant contends, that an order by a circuit court granting a defendant a new trial in a criminal case is not one of the grounds enumerated by Supreme Court Rule 604(a) (107 Ill. 2d R. 604(a)) from which the State is authorized to appeal. That, however, is not what has occurred in the present case. Here, as a result of defendant's continuing appeal from his conviction for burglary, the United State's Supreme Court remanded the cause to this court for further consideration. We concluded that the pre-*Batson* record made

at the time the jury was selected was insufficient to permit a proper consideration of the *Batson* issues, and this court remanded the case to the trial court for an evidentiary hearing to develop the record. In doing so, we considered that defendant should not be foreclosed from an opportunity to establish a *prima facie* showing of intentional racial discrimination which might not be apparent in the original record. This court retained jurisdiction to review the findings of fact and law made by the trial court and has allowed both defendant and the State to submit supplemental briefs addressing the additional record filed in this court.

Defendant made no objection to the procedure when set out in our original opinion and offers no authority or compelling argument in support of his present position. Similar procedures have been followed by the appellate court in other cases (see, *e.g., People v. Petrovic* (1986), 146 Ill. App. 3d 857, 497 N.E.2d 199, and *People v. Buckley* (1987), 168 Ill. App. 3d 405), and the Illinois Supreme Court has followed this procedure in resolving issues raised in pending cases by the retroactive application of *Batson* mandated by the United States Supreme Court in *Griffith.* (See *People v. Hooper* (1987), 118 Ill. 2d 244, 506 N.E.2d 1305.) We here consider issues raised by defendant in his appeal from his conviction, and the State is entitled to respond to them.

The assistant State's Attorney stipulated in the circuit court that a *prima facie* case of racial discrimination could be established by defendant, and the sole issue presented to the trial court, and on appeal, is whether the State offered a racially neutral explanation for the peremptory challenge of juror Ellis. Appellate counsel for the State acknowledge that they may not now take a position contrary to the trial court stipulation as to the *prima facie* issue; however, counsel does not consider it is precedential as to that issue by virtue of the "unwarranted" stipulation, citing *People v. Zayas* (1987), 159 Ill. App. 3d 554, 510 N.E.2d 1125.

The factual basis for the stipulation as to a *prima facie* case is not shown by the record, other than the assistant State's Attorney's statement he had off-the-record discussions with defense counsel and would so stipulate. As noted in our initial opinion, the Supreme Court in *Batson v. Kentucky* set forth a three-stage process by which a defendant can seek to establish a *prima facie* case of purposeful discrimination in jury selection and thus require the State to come forward with a neutral explanation. *First,* defendant must show he is a member of a cognizable racial group and that the prosecutor removed a member of defendant's race from the panel by peremptory chal-

lenge; *second,* defendant may rely on the fact that a peremptory challenge permits discrimination by those of a mind to do so; and, *finally,* the defendant must show that these facts, and any other relevant circumstances, raise an inference that a juror was excluded on account of his race. In deciding whether defendant has made the requisite showing, the trial court should consider relevant circumstances, such as a pattern of strikes against a racial group and the prosecutor's statements or questions during *voir dire,* which may either support or refute an inference of discriminatory purpose. (*Batson,* 476 U.S. at 96-97, 90 L. Ed. 2d at 87-88, 106 S. Ct. at 1723.) If, in the present case, the assistant State's Attorney considered that a defendant could establish a *prima facie* case of discrimination solely from the fact that a juror of defendant's race was excluded, without consideration of the other factors noted in *Batson,* the stipulation was premature. In any event, it is now binding upon the State, and we consider the only remaining issue of whether the prosecutor offered a race neutral explanation for the challenge of Mr. Ellis as a juror.

■ The State's explanation need not rise to the level justifying exercise of a challenge for cause, but it may not rebut defendant's *prima facie* case by merely stating the peremptory challenge was based on an assumption that a juror would be partial to defendant because of their shared race, or by merely denying there was a discriminatory motive. (*Batson,* 476 U.S. at 97, 90 L. Ed. 2d at 88, 106 S. Ct. at 1723.) The prosecutor's explanation must be "clear and reasonably specific," it must contain " 'legitimate reasons' for exercising the challenges," and it must be "related to the particular case to be tried." *Batson,* 476 U.S. at 98 & n.20, 90 L. Ed. 2d at 88-89 & n.20, 106 S. Ct. at 1723 & n.20.

■ *Batson v. Kentucky* requires that there be a neutral explanation for peremptory exclusion of members of a defendant's race from the jury, and we conclude that standard was not met in the present case. The prosecutor acknowledged he had challenged the juror at least in part on account of the shared race with defendant, and because racial issues may be raised in the trial. The prosecutor considered that the juror would thus be isolated, as the only black on the panel, and placed in a difficult position. The explanation offered for exclusion of this juror essentially related to the juror's race and that is the standard which *Batson v. Kentucky* seeks to avoid. Compare *People v. Peters* (1986), 144 Ill. App. 3d 310, 321, 494 N.E.2d 853 (juror hesitated in response to reasonable doubt question and, as a controller, would not be good juror in the case); *People v. Talley* (1987), 152 Ill. App. 3d 971, 987, 504 N.E.2d 1318 (one juror had a conviction

for theft and prosecutor not satisfied with second juror's demeanor and how he answered questions); *United States v. Mathews* (7th Cir. 1986), 803 F.2d 325, 330-32 (juror had reservations as to a type of evidence to be presented in trial, juror lacked attention, juror hostile to prosecution); *Johnson v. State* (Okla. Crim. App. 1987), 731 P.2d 993, 999 n.3 (juror had son the same age as defendant, juror had member of immediate family convicted of crime, juror's religion disfavored death penalty); *Bueno-Hernandez v. State* (Wyo. 1986), 724 P.2d 1132, 1135 (juror had prior dealings with prosecutor's office, juror was anti-law enforcement).

While we agree that the trial court's conclusion is supported by the evidence, we consider that portions of the judge's commentary on the evidence do not comport with *Batson v. Kentucky*. The trial court incorrectly referred to a defendant's perceived right to have members of his race on the jury. In *Batson*, the court stated that a defendant has no right to a jury composed in whole or in part of persons of his own race, but a defendant does have a right to be tried by a jury which has been selected pursuant to nondiscriminatory criteria. *Batson*, 476 U.S. at 85, 90 L. Ed. 2d at 80, 106 S. Ct. at 1716.

Accordingly, the judgment of conviction and sentence will be vacated and the cause remanded for a new trial.

Vacated and remanded.

LINDBERG, P.J., and UNVERZAGT, J., concur.