THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY C. PECOR, Defendant-Appellant.

First District (5th Division) No. 1—88—1235

Opinion filed May 3, 1991.

MURRAY, J., specially concurring.

Randolph N. Stone, Public Defender, of Chicago (Stephen L. Richards, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee G. Goldfarb, Guy L. Miller IV, and Michele I. Lavin, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

After a jury trial, the defendant, Gregory Pecor, was convicted of murder and sentenced to a term of life in prison without parole. On appeal, the defendant has raised numerous issues. In this opinion we limit our consideration to whether the trial judge erred in ruling that the defendant, a white male, did not have standing to object to the prosecution's use of peremptory challenges excluding black venirepersons from the petit jury.

We reverse and remand with directions.

We find the following facts to be relevant to the disposition of this appeal. During the jury selection, the prosecution used four of its first five peremptory challenges to exclude black venirepersons from the

petit jury. The defense counsel interposed an objection arguing that the prosecution's use of peremptory challenges was racially motivated, thereby entitling the defendant to a *Batson* hearing. (*Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712.) At the time the trial judge was asked to rule on the defense counsel's request, the guidelines for a *Batson* hearing required, in part, that the defendant be a member of a "cognizable racial group" and that the excluded juror be a member of the defendant's race. (*Batson*, 476 U.S. at 96, 90 L. Ed. 2d at 87, 106 S. Ct. at 1723.) Accordingly, the trial judge denied the defendant's request for a *Batson* hearing on the ground that the defendant did not have standing. Because the trial judge precluded defense counsel from pursuing the issue, the record does not reflect the racial composition of the venire, the race of any persons subsequently excluded from the venire, or the racial composition of the petit jury.

After his conviction, the defendant filed this appeal. In his brief, the defendant argued that the prosecution's use of peremptory challenges excluding black venirepersons from the petit jury violated his rights to an impartial jury and to equal protection of the laws under the Illinois and Federal constitutions. Subsequently, the United States Supreme Court decided two cases which have direct bearing on these issues. Prior to oral arguments, the Court decided *Holland v. Illinois* (1990), 493 U.S. 474, 107 L. Ed. 2d 905, 110 S. Ct. 803. There, the Court held that a white criminal defendant has standing to raise an objection, under the sixth amendment (U.S. Const. amend. VI), to a prosecution's use of peremptory challenges excluding black venirepersons from a petit jury; but such an exclusion was *not* in violation of that amendment. Therefore, at the oral argument, the parties argued only the equal protection issue. After oral arguments, the Court decided *Powers v. Ohio* (1991), 499 U.S. \_\_\_\_, 113 L. Ed. 2d 411, 111 S. Ct. 1364. In the context of the *Powers* decision, we are now called upon to decide whether the defendant, a white male, has standing to raise an equal protection objection to the prosecution's use of peremptory challenges excluding black venirepersons from the petit jury. For the reasons set forth below, we hold that he does.

OPINION

■ In *Powers*, a white male defendant was convicted of murder, aggravated murder, and attempted aggravated murder, and was sentenced to 53 years in prison. In the jury selection prior to trial, the prosecution used peremptory challenges excluding a total of seven black venirepersons from the petit jury. The defense counsel objected

and asked the trial judge to compel the prosecution to explain their reasons for the exclusions. The trial judge denied the request. The defendant appealed his conviction, contending that his own race was irrelevant to the "right to object" to the prosecution's use of peremptory challenges. (*Powers*, 499 U.S. at ____, 113 L. Ed. 2d at 420, 111 S. Ct. at 1366.) The Ohio Appellate Court affirmed the conviction, and the Ohio Supreme Court dismissed Power's appeal. The United States Supreme Court reversed and held that "a criminal defendant may object to race-based exclusions of jurors effected through peremptory challenges whether or not the defendant and the excluded juror share the same race." (*Powers*, 499 U.S. at ____, 113 L. Ed. 2d at 419, 111 S. Ct. at 1366.) The case was remanded to the Ohio trial court for a *Batson* hearing.

██ Because *Powers* would be dispositive of the instant appeal, we must determine whether *Powers* requires retroactive application. The United States Supreme Court has held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." (*Griffith v. Kentucky* (1987), 479 U.S. 314, 328, 93 L. Ed. 2d 649, 661, 107 S. Ct. 708, 716.) Therefore, the rule announced in *Powers* is to be applied to this appeal.

 Accordingly, we hold that Gregory Pecor, a white male, had standing to object to the prosecution's use of peremptory challenges excluding black venirepersons from the petit jury. We also find that, because the prosecution used four of its first five peremptory challenges to exclude black venirepersons, the defendant has raised a "legitimate and well-founded objection[ ]" as propounded in *Powers* and Illinois case law. (*Powers*, 499 U.S. at ____, 113 L. Ed. 2d at 429, 111 S. Ct. at 1374; see also *People v. Drew* (1990), 201 Ill. App. 3d 271, 559 N.E.2d 40 (prosecution's use of four out of six peremptory challenges to exclude minorities from the petit jury provided basis for defendant's legitimate objection).) Therefore, while expressing no opinion about the ultimate merits of the defendant's objection, we remand this case to the trial court for a *Batson* hearing.

██ We are aware that the record does not reflect the racial composition of the venire, the race of any persons subsequently excluded from the venire, or the racial composition of the petit jury and that these facts may be relevant to the establishment of a *prima facie* case by the defendant. We also observe, however, that neither the trial judge, the prosecution, nor the defendant could have predicted the new procedure mandated by the United States Supreme Court in *Powers*. Upon remand, therefore, we direct the trial judge to allow

the defendant an opportunity to present evidence to establish a *prima facie* case under *Batson* rather than require the defendant to rely entirely upon the current record. *People v. Allen* (1988), 168 Ill. App. 3d 397, 521 N.E.2d 1172.

Finally, this court retains jurisdiction over this case to review the trial court's ruling after the *Batson* hearing, and, if necessary, to address the other issues raised by the defendant in this appeal. *Allen*, 168 Ill. App. 3d 397, 521 N.E.2d 1172.

Reversed and remanded with directions.

GORDON, J., concurs.

JUSTICE MURRAY, specially concurring in the majority's well-reasoned opinion:

This case and other cases following *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, present a forceful argument for eliminating peremptory challenges in criminal and civil cases based on judicial economy. A return to the common law would save the taxpayers millions in relitigation expenses.

At the common law the sole criteria of a jury was "impartiality." The cardinal rule was that juries should stand indifferent before the law. There were two types of challenges at the common law. One was called a "principal challenge," the other a "challenge to the favor."

A principal challenge was grounded on a presumption that a prospective juror was biased because of a kinship by blood, affinity or other relationship. A godfather or blood relative to the ninth degree or business association to one of the parties would be subject to such a challenge.

A challenge "to the favor" was similar to our present challenge for cause. In the case of that type of challenge the conclusion to disqualify or not to disqualify was made by the trial judge after hearing evidence in the case as to whether the prospective juror had formed an irrevocable conclusion on the ultimate issue in the case. The evidence was taken on this subject during the *"voir dire"* prior to jury being finally selected. Lord Bacon defines such a challenge as "a juror who has delivered an opinion touching on the matter." (5 *Bacon* Abridgement 353.) A protection was built into the common law system by an appeal on the issue of whether the trial court arbitrarily overruled a challenge to the favor. *Coughlin v. People* (1893), 144 Ill. 140, 33 N.E. 1.